# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROGELIO HERNANDEZ,

    Plaintiff,                                          Case No. 06-10381

v.                                                     Hon. Gerald E. Rosen

EARTH TECH, INC., and
TIM SIKMA,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S
## MOTION FOR RECONSIDERATION

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on    August 29, 2008

PRESENT:  Honorable Gerald E. Rosen
                   United States District Judge

By opinion and order dated August 8, 2008, the Court awarded summary judgment in Defendants' favor on several of Plaintiff's claims in this case, and elected not to retain supplemental jurisdiction over Plaintiff's remaining state-law claims. Through the present motion, filed on August 15, 2008, Plaintiff seeks reconsideration of certain aspects of the Court's ruling. For the reasons set forth briefly below, the Court finds no basis for revisiting its determinations in its August 8 opinion and order.

First and foremost, Plaintiff contends that the Court should reconsider its ruling in light of the Sixth Circuit's recent decision in *White v. Baxter Healthcare Corp.,* 533 F.3d 381 (6th Cir. 2008). In *White,* 533 F.3d at 400, the Sixth Circuit announced a new

standard for analyzing summary judgment motions in so-called "mixed motive" cases, in which a plaintiff alleges that an adverse employment action was motivated by a combination of permissible and impermissible factors. In Plaintiff's view, the application of this new standard here would allow him to go forward with his federal Title VII claims of discrimination.

Contrary to Plaintiff's contention, however, he has never advanced a mixed-motive theory of recovery in any of his submissions to this Court. In particular, it is simply false to assert, as Plaintiff does in his present motion, (*see* Plaintiff's Motion for Reconsideration, Br. in Support at 2), that he and Defendants engaged in a "mixed-motive analysis" in their briefs in support of and opposition to Defendants' summary judgment motion, whether at the pages cited by Plaintiff or elsewhere in these submissions. Indeed, so far as the Court's review has revealed, the phrase "mixed motive" does not even appear in ***any*** of the briefs filed by the parties in connection with Defendants' summary judgment motion. Neither does the record provide any support for such an analysis, where Plaintiff has consistently asserted in his complaint and at his deposition that the adverse employment actions he suffered were attributable solely to impermissible considerations of his race and national origin. Consequently, the Sixth Circuit's recent ruling in *White* has no bearing on the proper disposition of this case.[1]

---

[1] Notably, in *White,* 533 F.3d at 390-91 & n.4, the Sixth Circuit analyzed one of the plaintiff's two claims under the familiar *McDonnell Douglas* burden-shifting framework, observing that the plaintiff had presented this claim "as a single-motive discrimination claim." Thus, *White* confirms that this Court applied the correct analytical framework in resolving the single-motive discrimination claims advanced by Plaintiff here.

The remaining points raised in Plaintiff's present motion warrant little discussion. In particular, Plaintiff seeks reconsideration of the Court's rulings (i) that he had not produced direct evidence of discrimination, and thus was required to proceed under the *McDonnell Douglas* burden-shifting approach, and (ii) that he failed to raise an issue of fact as to the fourth and final element of a *prima facie* case of discrimination. Under Local Rule 7.1(g)(3) of this District, this Court ordinarily "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court" in its challenged decision. The Court's August 8 opinion thoroughly addresses both of the above-cited issues, and Plaintiff has not identified any basis for revisiting these rulings.

Accordingly,

NOW, THEREFORE, IT IS HEREBY ORDERED that Plaintiff's August 15, 2008 motion for reconsideration is DENIED.

Dated:  August 29, 2008          s/Gerald E. Rosen
                                 Gerald E. Rosen
                                 United States District Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 29, 2008, by electronic and/or ordinary mail.

                                 s/LaShawn R. Saulsberry
                                 Case Manager